UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DAVID BASS on Behalf of Himself and All Others Similarly Situated,** ) | CASE NO. |
| ) | |
| **Plaintiff,** ) | **JUDGE** |
| ) | |
| ) | **MAGISTRATE JUDGE** |
| **v.** ) | |
| ) | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| ) | |
| **CARDINAL COMPLIANCE CONSULTANTS, LLC,** ) | |
| ) | Jury demand endorsed herein |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**CLASS AND COLLECTIVE ACTION**

1. Defendant Cardinal Compliance Consultants, LLC ("Defendant") required Plaintiff David Bass ("Plaintiff") to work more that forty hours in a work week an inspector.  Defendant misclassified Plaintiff as an independent contractor and as such paid him only straight time for his substantial overtime hours.  Defendant also misclassifies other similar employees as independent contractors across the country and likewise denied them their proper overtime compensation.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate.  *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff Bass brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to hereinafter as the "FLSA Class Members."

3. Just as Defendant's non-payment of overtime violates the FLSA, so too does it violate the laws of Ohio.  Defendant's failure to pay overtime violates the Ohio Minimum Fair

1

Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01, *et seq.*  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt employees who worked more than forty hours in a work week as inspectors, consultants, health and safety workers or workers in substantially similar positions for Defendant in Ohio.  Members of the Rule 23 Class Action are hereinafter referred to as "Ohio Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this lawsuit is brought under the FLSA.

5.  This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendant to pay overtime because it misclassified its workforce as independent contractors.

6.  Venue is proper in the Northern District of Ohio because a substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES AND PERSONAL JURISDICTION

7.  Plaintiff David Bass is an individual residing in Beauregard Parish, Louisiana. Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed work for Defendant in Ohio within the last three years.

8.  The "FLSA Class Members" are all current and former hourly-paid paid inspectors, consultants, or health and safety workers who performed work for Defendant throughout the United States during the three-year period before the filing of this Complaint.  The "Ohio Class

2

Members" are a subset of the FLSA Class Members that performed work for Defendant in Ohio during the three-year period before the filing of this Complaint.

9. Defendant Cardinal Compliance Consultants, LLC is a domestic limited liability company doing business throughout the United States, including Ohio, Texas, and California. Defendant may be served process through its registered agent Dana R. Quick, 405 Madison Avenue, Toledo, Ohio 43604.

10. Defendant is headquartered in Holland, Lucas County, Ohio.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2)

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

17. At all material times, Plaintiff and the Ohio Class Members were employees of Defendant with the meaning of the OMFWSA. O.R.C. § 4111.03(D)(3).

18. At all material times, Plaintiff, the FLSA Class Members, and the Ohio Class Members were employees of Defendant with the meaning of the FLSA.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

19. Cardinal Compliance Consultants, LLC is an Ohio based environmental health and safety training and industrial hygiene firm.

20. Defendant operates as a staffing company that places health and safety workers with its client companies.

21. The workers that Defendant provides to its customers are known generally as inspectors, consultants, or health and safety workers.

22. Plaintiff worked exclusively for Defendant for 14 months from approximately May of 2016 to July of 2017.

23. Plaintiff's job title was inspector.

24. Plaintiff worked for Defendant in the Heath, Ohio area.

25. Plaintiff's primary duties concerned the application of governmental and industry safety standards to a pipeline and gas tank construction project.

26. Defendant paid Plaintiff an hourly rate for his labor but did not pay him overtime. Instead, Defendant paid Plaintiff the same hourly rate for his non-overtime and overtime hours. That is, Defendant paid Plaintiff straight time for overtime.

27. Defendant accomplished this underpayment by misclassifying Plaintiff as an independent contractor instead of as an employee.

28. Plaintiff, FLSA Class Members, and Ohio Class Members worked on a regular basis for Defendant at various industrial locations nationwide performing similar safety assurance work as Plaintiff.

29. While working for Defendant at these various locations, Plaintiff interacted with and became familiar with the way Defendant treats its other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

30. Defendant paid Plaintiff, FLSA Class Members, and Ohio Class Members on an hourly basis without overtime regardless of the number of hours worked per week, despite scheduling and requiring work well in excess of forty hours per week.

31. Commonly, Plaintiff and other inspectors, consultants, and health and safety workers worked twelve-hour shifts, seven days a week for a total of 84 hours, and often time even more.

32. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff, FLSA Class Members, and Ohio Class Members.

33. In addition, Defendant instructed Plaintiff, FLSA Class Members, and Ohio Class Members about when, where, and how they were to perform their work.

34. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff, FLSA Class Members, and Ohio Class Members:

   a. Defendant required Plaintiff, FLSA Class Members, and Ohio Class Members to turn in the hours they worked once a week just like normal hourly-paid employees;

b. Defendant paid Plaintiff, FLSA Class Members, and Ohio Class Members on a non-negotiable hourly rate it unilaterally set;

c. Defendant required Plaintiff, FLSA Class Members, and Ohio Class Members to report to their assigned job site at a set time;

d. Plaintiff, FLSA Class Members, and Ohio Class Members had no control over what job site they may be assigned to;

e. Defendant required Plaintiff, FLSA Class Members, and Ohio Class Members to request time off in advance and have that time off preapproved;

f. Defendant issued work orders to Plaintiff, FLSA Class Members, and Ohio Class Members;

g. Defendant provided safety training to Plaintiff, FLSA Class Members, and Ohio Class Members instructing them precisely how to perform their work;

h. Defendant assigned Plaintiff, FLSA Class Members, and Ohio Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

i. Defendant controlled the amount of hours Plaintiff, FLSA Class Members, and Ohio Class Members worked;

j. Defendant dictated the locations at which Plaintiff, FLSA Class Members, and Ohio Class Members worked;

k. Defendant required Plaintiff, FLSA Class Members, and Ohio Class Members to work more than forty (40) hours per workweek, and typically FLSA Class Members, and Ohio Class Members worked more than seventy (70) hours per workweek;

6

l. Plaintiff, FLSA Class Members, and Ohio Class Members' services were integrated into Defendant' operations;

m. Plaintiff, FLSA Class Members, and Ohio Class Members were required to perform their work in an order set by Defendant;

n. Plaintiff, FLSA Class Members, and Ohio Class Members worked for Defendant for long and indefinite periods of time, often years, as is common with employees;

o. Defendant had rules that Plaintiff, FLSA Class Members, and Ohio Class Members were required to follow when performing their jobs;

p. Defendant required Plaintiff, FLSA Class Members, and Ohio Class Members to attend company meetings; and

q. Defendant maintained the right to discharge Plaintiff, FLSA Class Members, and Ohio Class Members at will.

35. A substantial portion of Defendant' annual revenue is derived from work performed by Plaintiff, FLSA Class Members, and Ohio Class Members.

36. Despite these facts, Defendant improperly classified Plaintiff, FLSA Class Members, and Ohio Class Members as independent contractors and not employees.

37. Defendant classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to their work force.

38. However, at all times, the Plaintiff, FLSA Class Members, and Ohio Class Members and other similarly situated workers were employees of Defendant.

39. Although Plaintiff has been required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the FLSA or OMFWSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

40. Instead, like Plaintiff, Defendant paid the FLSA Class Members and Ohio Class Members a flat hourly rate for all hours worked, regardless of how many hours they actually worked.

41. No FLSA exemption applies to hourly-paid employees such as Plaintiff and FLSA Class Members.

42. No exemptions under the OMWFSA apply to Plaintiff or Ohio Class Members.

43. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

44. Defendant intentionally misclassified its inspectors in order to not have to comply with federal and state wage and hour laws.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

8

48. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

49. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout multiple locations for Defendant in Ohio.

50. Other hourly paid workers similarly situated to the Plaintiff work for Defendant throughout the United States but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

51. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

52. Defendant has classified and continues to classify FLSA Class Members as independent contractors.

53. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

54. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

55. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

56. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

57. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

58. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

59. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

60. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

61. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> All current and former workers classified by Defendant as independent contractors (or other than employees) who performed work for Defendant as inspectors, consultants, or health and safety workers and were paid hourly in the three year period prior to the filing date of this complaint.

### COUNT TWO: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

63. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Ohio Class Members and Plaintiff, within the meaning the OMFWSA.

64. The OMFWSA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. O.R.C. § 4111.03.

65. In denying compensation at the requisite Ohio overtime rate, Defendant violated the OMFWSA.

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Ohio Class Members are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

67. Having violated the OMFWSA, Defendant is liable to Plaintiffs and Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Plaintiffs and Ohio Class Members for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

## RULE 23 CLASS ACTION ALLEGATIONS

68. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

69. Plaintiff brings his overtime claims arising under the OMFWSA as a Rule 23 class action on behalf of the following class:

> All current and former workers classified by Defendant as independent contractors (or other than employees) who performed work for Defendant as inspectors, consultants, or health and safety workers and were paid hourly in the three year period prior to the filing date of this complaint that worked in Ohio.

70. Although Plaintiff does not know the precise number of members of the proposed classes, Plaintiffs believe there are more than 40 individuals that fit into the class.

71. The members of the classes are so numerous that their individual joinder is impractical.

72. The identity of the members of the Ohio Class is readily discernible from Defendant's records.

73. Plaintiff and the proposed Ohio Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

74. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a) Whether Plaintiff and the Ohio Class Members worked hours in excess of forty per work week;

   b) Whether Plaintiff and the Ohio Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Ohio law;

   c) Whether Defendant failed to properly classify Plaintiff and Ohio Class Members as employees under Ohio law; and

   d) The calculation of damages.

75. These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

76. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Ohio law and because Defendant classified him as an independent contractor, just as was done with respect to the Ohio Class Members.

77. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that they seek to represent. Plaintiff has retained competent

counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

78. The class action applying Ohio state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

79. The operative question in this case is whether the workers in question were independent contractors or employees. The economic realities test is used to determine employee status under the FLSA and the OMFWSA therefore evidence common to all classes will be determinative to all classes.

**DAMAGES SOUGHT**

80. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

81. Plaintiffs and the Ohio Class Members are entitled to recover their unpaid overtime compensation. O.R.C. § 4111.10.

82. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

83. Plaintiff and the Ohio Class Members are entitled to an amount equal to twice their unpaid wages as liquidated damages. O.R.C. § 4114.14(J).

84. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

85. Plaintiff and the Ohio Class Members are entitled to recover attorney's fees and costs. O.R.C. § 4111.10.

## JURY DEMAND

86. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

87. For these reasons, Plaintiff, on behalf of himself, the FLSA Class Members, and Ohio Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA and twice the amount of their unpaid overtime for all work performed in Ohio;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and OMFWSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Road, Suite 200
Beachwood, Ohio 44122
Phone:  (216) 291-4744
Fax:      (216) 291-5744
Email:  chris.wido@spitzlawfirm.com


*Local Counsel For Plaintiff David Bass*


*/s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris (pending *pro hac vice* admission)
Texas State Bar No. 24076154
John Neuman (pending *pro hac vice* admission)
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813
Email:  BSosaMorris@smnlawfirm.com
            JNeuman@smnlawfirm.com

*Attorneys for Plaintiff David Bass*